UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN DOE,

    Petitioner,

v.

MICHAEL BERNACKE, *et al.*,

    Respondents.

Case No. 2:23-cv-01453-RFB-VCF

**ORDER**

    This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, by an individual incarcerated at the Nevada Southern Detention Center, in Pahrump, Nevada. The petitioner initiated this action on September 18, 2023, by paying the filing fee and filing a notice of appearance by his attorney (ECF No. 1), a petition for writ of habeas corpus with two exhibits attached (ECF Nos. 2, 2-1, 2-2), and a civil cover sheet (ECF No. 3). Petitioner filed those documents, and subsequent documents, with restrictions regarding who could view them.

    On September 25, 2023, Petitioner filed a "Motion for Leave to Proceed Under a Pseudonym and Redact References to Petitioner's Identity in the Public Docket and All Subsequent Filings, Orders, and Opinions" (ECF No. 7) (hereafter "Motion to Proceed Under a Pseudonym"). In that motion, Petitioner requests an order of the Court as follows:

> Petitioner … respectfully moves this Court to enter an order granting leave to proceed under a pseudonym ("John Doe"), to replace his name with the pseudonym in the public docket and reporting of this case, and redact references to his identity in future filings by all parties. Petitioner also moves the Court to order Respondents to maintain the confidentiality of his identity by using only pseudonyms in all of their filings, including all unsealed exhibits in which his name appears.

ECF No. 7 at 5. Petitioner states:

> This case involves a challenge to the Respondents' decision to detain Petitioner indefinitely after his asylum application was rejected. Like other asylum-seekers, Petitioner is concerned about his privacy and safety in light of the sensitive information about the fact of his asylum application, his current location, his physical and mental health, some of which has already been included in his Petition for Habeas Corpus, and more of which is likely to surface as this case proceeds.

Id. Petitioner states that he fears that if his identity is disclosed, his family might be harmed and his welfare placed in jeopardy. Id.

"The normal presumption in litigation is that parties must use their real names." Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1042 (9th Cir. 2010); see also Fed. R. Civ. P. 10(a) (requiring that the title of every complaint include the names of parties). This presumption arises from the public's common law right of access to judicial proceedings and the right of private individuals to confront their accusers. See Kamehameha Schools, 596 F.3d at 1042; Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000). Nevertheless, a party may proceed pseudonymously "in special circumstances when the party's need for anonymity outweighs the prejudice to the opposing party and the public's interest in knowing the party's identity." Advanced Textile, 214 F.3d at 1068. One such circumstance is "when identification creates a risk of retaliatory physical or mental harm." Id. Factors to be considered are "'(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, … (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest." Kamehameha Schools, 596 F.3d at 1042 (quoting Advanced Textile, 214 F.3d at 1068.

Petitioner asserts that his need for anonymity in this case outweighs the public's right of access to judicial proceedings because of the danger to himself and his family if his identity is disclosed. Petitioner notes that his use of a pseudonym in this action would not shield the nature and substance of the case from the public but would only conceal his identity. With respect to Respondents' interests, Petitioner asserts that Respondents will not be prejudiced because they will be informed of his identity. And, Petitioner makes a sufficient showing that his fears are reasonable, that the threatened harm could be severe, and that he and his family are vulnerable to possible retaliation.

In considering Petitioner's motion, the Court is cognizant of policies that generally protect the confidentiality of information related to asylum applications. See, e.g., 8 C.F.R. § 208.6 (regarding disclosure of information related to asylum applications); Fed. R. Civ. P. 5.2 (limiting remote access to case files in immigration cases); see also Anim v. Mukasey, 535 F.3d 243, 253

(4th Cir. 2008) ("As DHS recognizes, the confidentiality regulations are of utmost importance in protecting asylum applicants because the regulations safeguard information that, if disclosed publicly, could subject the claimant to retaliatory measures by government authorities or non-state actors in the event that the claimant is repatriated, or endanger the security of the claimant's family members who may still be residing in the country of origin." (internal quotation marks omitted)).

The Court finds that Petitioner has made a sufficient showing warranting his proceeding anonymously in this action. The Court will grant Petitioner's Motion to Proceed Under a Pseudonym (ECF No. 7). Petitioner will proceed in this action as "John Doe." The Court will order all documents so far filed by Petitioner sealed, will direct the Clerk of the Court to remove all information identifying Petitioner from the docket, and will order the parties to file no documents in the case, unsealed, identifying Petitioner. In their filings, the parties are to refer to Petitioner as "John Doe" or "Doe," or simply as "Petitioner." The parties may file redacted documents, with unredacted counterparts filed under seal if necessary, or they may simply file documents identifying the petitioner under seal, whichever is best in the particular situation.

Pursuant to LR IA 10-5, in order not to disclose Petitioner's identity, the parties are authorized to file documents under seal in this action without filing a motion for leave to do so. When doing so, as required by LR IA 10-5, the parties must state on the first page: "FILED UNDER SEAL UNDER COURT ORDER (ECF No. ___)."

Any party may move at any time to unseal any sealed document or to seal any unsealed document.

As Respondents have not yet appeared in this action, this order is without prejudice to Respondents moving for its reconsideration or alteration, after they appear.

On September 25, 2023, Petitioner also filed a Motion to Correct Docket Entry (ECF No. 8). In that motion, Petitioner requests that the Court direct the Clerk of the Court to correct a docket entry (ECF No. 2) to change the word "Errata" to the word "Exhibit." The Court will grant that motion.

After the changes to the docket are implemented pursuant to this order, the Court will screen Petitioner's petition and enter orders regarding further proceedings in the action.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Proceed Under a Pseudonym (ECF No. 7) is **GRANTED**. Petitioner will proceed in this action as "John Doe."

**IT IS FURTHER ORDERED** that the parties to this action shall file no documents, unsealed, identifying Petitioner. In all documents filed in this action, unsealed, the parties must refer to Petitioner as "John Doe" or "Doe," or as "Petitioner."

**IT IS FURTHER ORDERED** that Petitioner's Motion to Correct Docket Entry (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to:

- Place under seal the filings at ECF Nos. 1, 2, 2-1, 2-2, 3, 7, 8, 9 and 10.
- Remove from the docket (by whatever means the Clerk determines to be appropriate, including removing, redacting or replacing with "John Doe" or "Doe" or "Petitioner") all references to Petitioner's name (including those in "receipts" for filed documents).
- Correct the references on the docket to ECF No. 2-2, to refer to that document as "Exhibit," rather than "Errata."

**IT IS FURTHER ORDERED** that the parties are authorized to file documents under seal in this action without filing a motion for leave to do so. When filing documents under seal, as required by LR IA 10-5, the parties must state on the first page: "FILED UNDER SEAL UNDER COURT ORDER (ECF No. ___)."

**IT IS FURTHER ORDERED** that any party may move at any time to unseal any sealed document or to seal any unsealed document.

DATED: September 27, 2023

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE